UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 08 B 17044 |
| | ) | |
| MICHAEL C. JAMES, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |

**MEMORANDUM OPINION GRANTING DEBTOR'S MOTION TO COMPEL CHAPTER 13 TRUSTEE TO RELEASE FUNDS TO ATTORNEY** (Docket No. 187)

Debtor Michael C. James (the "Debtor") has moved to reopen his chapter 13 case and to compel standing chapter 13 trustee Tom Vaughn (the "Trustee") to release funds in payment to the Debtor's attorney Patience R. Clark ("Clark").[1] Creditors Cadillac Company, Inc. and Brendan Financial, Inc. (collectively, the "Creditors") object to the motion, alleging that a third-party citation to discover assets served upon the Trustee trumps the release of funds to the Debtor's attorney. For the following reasons, the Court finds that section 1326(a)(2) of the Bankruptcy Code governs this matter and expressly mandates the disbursement of funds to Clark. Accordingly, the Debtor's motion will be granted.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and Internal

---

[1] The Debtor's motion is styled as "Motion to Reopen Case and Motion to Compel Chapter 13 Trustee to Release Attorney Funds." Pursuant to Local Bankruptcy Rule 9013-1(B), "[e]very motion must be titled as *one of the events* contained in the court's CM/ECF system[.]" L.R. 9013-1(B) (emphasis added). The Debtor here seeks to both reopen his chapter 13 case *and* compel the Trustee to release funds to Clark. Although the motion technically violates the Local Rule by including two events, it is clear that the Debtor filed the motion to reopen *in order to* compel the release of funds. As discussed *infra*, the case, having never been closed, need not be reopened. Thus, the Court will treat the Debtor's motion as a request solely to compel the Trustee to release the funds to Clark.

Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Venue is properly placed in this Court pursuant to 28 U.S.C. § 1409(a).

### Facts and Background

The pertinent facts, drawn from the parties' pleadings, the exhibits attached thereto, and the Court's docket, are not in dispute. On February 14, 2008, the Circuit Court of Cook County (the "State Court") entered judgment in favor of Father & Sons Contractors, Inc. and against the Debtor in the amount of $19,761.98. The judgment was subsequently assigned to Brendan Financial, Inc. ("Brendan Financial").

About five months later, on July 1, 2008, the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.[2] A proposed plan was filed on July 16, 2008 and later amended, first on September 27, 2008 and again on July 21, 2011. On August 22, 2008, Cadillac Company, Inc. filed proof of claim number 6 in the chapter 13 case, asserting a secured claim of $22,581.66. That claim was transferred to Brendan Financial on March 15, 2010.

Fraught with numerous objections to confirmation and motions to dismiss, as well as two associated adversary proceedings, the Debtor's highly contested case went on for more than four years without a plan ever being confirmed. During the pendency of the case, the Debtor made payments to the Trustee, pursuant to section 1326(a)(1),[3] totaling over $11,000.

---

[2] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

[3] Section 1326(a) provides, in pertinent part, that "the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier[.]" 11 U.S.C. § 1326(a)(1).

On September 27, 2012, the case was dismissed on the Trustee's motion for failure to make plan payments, and both adversary proceedings were dismissed and subsequently closed. Despite the dismissal of the Debtor's bankruptcy case, the Court entered an order, also on September 27, 2012, granting the application for compensation filed by Clark for fees of $3,500 and expenses of $274.

On October 2, 2012, before the Trustee could release any funds, Brendan Financial caused the issuance of a third-party citation to discover assets from the State Court directed to both the Debtor and "Thomas Vaughn, as Trustee" (the "Citation").[4] The issuance of the Citation instituted supplementary proceedings in the State Court pursuant to 735 ILCS 5/2-1402(a). The Citation ordered the Trustee to inform the court as to property he may be holding that belongs to the Debtor and prohibited the Trustee from making or allowing any transfer of nonexempt property of the Debtor. The Citation warned that the Trustee's failure to appear or file an answer could result in arrest, contempt proceedings, and possible imprisonment in the county jail.

On December 13, 2012, the Debtor filed the instant motion to reopen the chapter 13 case and to compel the Trustee to release funds he was holding to pay the attorney's fees.[5] The

---

[4] According to Clark, "[v]ery shortly" after entry of the Court's order granting her application for compensation, the Trustee disbursed a check in payment of that compensation, but it was sent in error to Clark's former employer. Clark contacted the Trustee's office immediately. Although the person to whom she spoke acknowledged the mistake and agreed to redirect the funds to the correct address, the Citation had apparently been filed before the error could be rectified.

[5] A careful review of the docket reveals that, although the Debtor's bankruptcy case was dismissed on September 27, 2012, the case was never closed. Case closing is distinct from case dismissal. Under section 350(a), the court shall close a case "[a]fter an estate is fully administered and the court has discharged the trustee[.]" 11 U.S.C. § 350(a). A case that has been dismissed but not administratively closed may not be reopened under section 350(b). *In re Aztec Supply Corp.*, 399 B.R. 480, 490 (Bankr. N.D. Ill. 2009) (collecting cases). Accordingly, because the Debtor's chapter 13 case

3

Creditors filed an objection to the motion, asserting that the Citation precludes the transfer of funds to Clark. The issue has been fully briefed and is now ready for ruling.

## Discussion

The Trustee argues that the supplementary proceedings in State Court were initiated against him in violation of the *Barton* doctrine and are, therefore, improper. The *Barton* doctrine takes its name from an 1881 decision of the United States Supreme Court, which held that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." *Barton v. Barbour*, 104 U.S. 126, 128 (1881).

The Seventh Circuit adopted the *Barton* doctrine in the context of bankruptcy, concluding that the "leave-to-sue" requirement is equally applicable to a bankruptcy trustee. *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *see also Spehar Capital, LLC. v. Grochocinski (In re CMGT, Inc.)*, No. 10 C 6330, Bankr. No. 04 B 31669, Adv. No. 07 A 00838, 2011 WL 1044280, at *2 n.2 (N.D. Ill. Mar. 21, 2011), *aff'd*, No. 11 C 8782, 2012 WL 1802092 (N.D. Ill. May 15, 2012); *In re Weitzman*, 381 B.R. 874, 878-81 (Bankr. N.D. Ill. 2008) (applying the *Barton* doctrine even after the bankruptcy case had been dismissed). "[J]ust like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." *Linton*, 136 F.3d at 545. Allowing suit to be filed against trustees without leave of court, the Seventh Circuit explained, would impede their work for the court, make their duties "more irksome," require them to pay higher malpractice premiums, and make it more difficult for courts to find competent individuals to appoint as trustee. *Id.*; *see also In re Kids Creek Partners, L.P.*, 248 B.R. 554, 559

---

has not been closed, his request to reopen the case is not necessary.

(Bankr. N.D. Ill. 2000), *aff'd*, Nos. 00 C 4076, 94 B 23947, 2000 WL 1761020 (N.D. Ill. Nov. 30, 2000).

In this matter, Brendan Financial did not obtain leave of this Court before it initiated supplementary proceedings in the State Court by causing the Citation to be issued to the Trustee. Failure to follow the established procedure requiring prior permission from the Bankruptcy Court is grounds in itself to overrule the Creditors' objection and grant the Debtor's motion to compel the Trustee to release funds to Clark.

In addition, the Debtor's motion must be granted under the substantive law controlling this matter. Because the Citation was not properly issued, the Illinois statute upon which the Creditors rely is not applicable. Rather, section 1326(a)(2) governs this matter, and that statute mandates the disbursement of funds to Clark.

Section 1326(a)(2) provides that payments made to the Trustee under a proposed plan

> shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. *If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors . . . to the debtor, after deducting any unpaid claim allowed under section 503(b).*

11 U.S.C. § 1326(a)(2) (emphasis added). Section 503(b) provides, in turn, for the allowance of administrative expenses, which include compensation and reimbursement awarded under section 330(a). 11 U.S.C. § 503(b)(2). Pursuant to section 330(a), "the court may allow reasonable compensation to [a chapter 13] debtor's attorney for representing the interests of the debtor[.]" 11 U.S.C. § 330(a)(4)(B).

The plain, unequivocal language of section 1326(a)(2) requires the Trustee to release the

5

funds to Clark. As set out above, the Debtor's case was dismissed without a plan being confirmed, and during the pendency of the case, the Debtor made plan payments of more than $11,000 to the Trustee. According to the express mandate of section 1326(a)(2), if a plan is not confirmed, the Trustee "shall" return to the Debtor the payments he made under the proposed plan "after deducting any unpaid claim allowed under section 503(b)." One such allowed claim is the compensation and reimbursement awarded by the Court to Clark under section 330(a).

One of the primary purposes of bankruptcy law is to provide for a distribution of the Debtor's estate that is as fair as possible to all creditors. *See Weitzman*, 381 B.R. at 884. When a chapter 13 plan is not confirmed, requiring the trustee, upon dismissal of the case, to return post-petition funds to the debtor, less allowed costs for administration, puts the debtor and competing creditors in the same positions they were in before the filing of the case. *See* 11 U.S.C. § 349(b)(3); *see also In re Slaughter*, 141 B.R. 661, 663-64 (Bankr. N.D. Ill. 1992). "The creditors will thus have their respective remedies they had just prior to the beginning of the chapter 13 case and the debtor will not be penalized for seeking, albeit unsuccessfully, to pay his creditors through a plan." *Weitzman*, 381 B.R. at 884.

While section 1326(a)(2) governs this matter because the Citation was not properly issued, the provision would control even if the Creditors had obtained leave from this Court before issuing the Citation and the Illinois statute were applicable. The relevant state statute, 735 ILCS 5/2-1402, provides in pertinent part:

> A judgment creditor . . . is entitled to prosecute supplementary proceedings for the purposes of examining the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment[.] . . . A supplementary proceeding shall be commenced by the service of a citation issued by the clerk.

735 ILCS 5/2-1402(a) (West 2011 Supp.). According to the statute, "[t]he citation may prohibit the party to whom it is directed from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from the enforcement of a judgment therefrom . . . and from paying over or otherwise disposing of any moneys not so exempt which are due or to become due to the judgment debtor, until the further order of the court or the termination of the proceeding, whichever occurs first." 735 ILCS 5/2-1402(f)(1).

Section 1326(a)(2) mandates a return of funds to the Debtor, after the deduction of administrative claims. The state citation statute, on the other hand, prohibits the transfer of the same funds in order to satisfy the judgment debt of particular creditors. Thus, the Illinois statute directly conflicts with section 1326(a)(2), and it is not possible to harmonize the two. *See Kohler Co. v. Moen Inc.*, 12 F.3d 632, 642 (7th Cir. 1993) (noting that a fundamental canon of statutory construction directs courts to harmonize two potentially conflicting statutes, insomuch as such harmony is possible).

Therefore, if the state statute were applicable to this matter, a determination as to which provision controls would be required. Under the United States Constitution, federal law is "the supreme Law of the Land." U.S. Const. art. VI, cl. 2. "[W]hen state law is contrary to federal bankruptcy law, the bankruptcy provisions prevail." *Ocasek v. Manville Corp. Asbestos Disease Comp. Fund*, 956 F.2d 152, 154 (7th Cir. 1992). Thus, even if the Citation had been properly issued, the state law prohibiting the Trustee from transferring the Debtor's funds would be subject to the contrary provision of the Bankruptcy Code, and the prohibition of the Citation would have to yield to the mandate of section 1326(a)(2).

The plain language of the statute requires the Trustee to release the funds at issue to

Clark. Accordingly, the Creditors' objection is overruled, the Debtor's motion is granted, and the Trustee is directed to release funds to Clark in accordance with the Court's order of September 27, 2012, which granted Clark's application for compensation.

### Conclusion

For the foregoing reasons, the Debtor's motion to compel the Trustee to release funds to the Debtor's attorney is granted. A separate order will be entered consistent with this Memorandum Opinion.

**Dated:** April 18, 2013                                   **ENTERED:**

_____
JANET S. BAER
United States Bankruptcy Judge